CAUSE NO. 201958958

COPY OF PLEADING PROVIDED BY PLT

RECEIPT NO: 885300  TRACKING NO: 73695890
eml

| Plaintiff: | In The 189th |
|---|---|
| SAUCEDO, MIGUEL | Judicial District Court of |
| vs. | Harris County, Texas |
| Defendant: | 201 CAROLINE |
| NATIONAL OILWELL VARCO L P | Houston, Texas |

**CITATION CORPORATE**

**THE STATE OF TEXAS**
**County of Harris**

**To:  VERISTIC TECHNOLOGIES INC (TEXAS CORPORATION) MAY BE SERVED THROUGH ITS REGISTERED AGENT THEODORE C VORA**
**11419 DOVER, HOUSTON TX 77031**

Attached is a copy of: PLAINTIFF'S FIRST AMENDED PETITION

This instrument was filed on November 11, 2019 in the above cited cause number and court. The instrument attached describes the claim against you.

**YOU HAVE BEEN SUED.** You may employ an attorney. If you or your Attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration date of 20 days after you were served this citation and petition, a default judgment may be taken against you.

This citation was issued on November 13, 2019, under my hand and seal of said court.

Issued at the request of:

Itkin, Jason A.
6009 MEMORIAL DRIVE
HOUSTON, TX 77007
713-222-3800
Bar Number: 24032461



Marilyn Burgess

Marilyn Burgess, District Clerk
Harris County, Texas
201 CAROLINE  Houston Texas 77002
(PO Box 4651, Houston, Texas 77210)

Generated By:CYNTHIA CLAUSELL

eml                                                                    Tracking Number: 73695890

**CAUSE NUMBER: 201958958**

| | |
|---|---|
| **PLAINTIFF: SAUCEDO, MIGUEL** | **In the 189th** |
| vs. | **Judicial District Court of** |
| **DEFENDANT: NATIONAL OILWELL VARCO L P** | **Harris County, Texas** |

### OFFICER - AUTHORIZED PERSON RETURN

Came to hand at _____ o'clock ___. M. on the _____ day of _____, 20_____. Executed at

(Address)_____
in

_____ County at o'clock ___. M. On the _____ day of _____, 20_____, by

Delivering to _____defendant, in person, a true copy of this Citation together with the accompanying _____ copy (ies) of the «Attachment». Petition attached thereto and I endorsed on said copy of the Citation the date of delivery.

To certify which I affix my hand officially this _____day of _____, 20.

Fees $_____

_____              By_____
                  Affiant                                                                              Deputy

On this day, _____, known to me to be the person whose signature appears on the foregoing return, personally appeared. After being by me duly sworn, he/she stated that this citation was executed by him/her in the exact manner recited on the return.

SWORN TO AND SUBSCRIBED BEFORE ME, On this _____ day of _____, 20__.


                                                                       _____
                                                                                      Notary Public

11/11/2019 2:19 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 38384649
By: Cynthia Clausell-McGowan
Filed: 11/11/2019 2:19 PM

CAUSE NO. 2019-58958

| | | |
|---|---|---|
| MIGUEL SAUCEDO | § | IN THE DISTRICT COURT OF |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| NATIONAL OILWELL VARCO, L.P. and | § | |
| CIMAREX ENERGY CO. | § | |
| | § | |
| *Defendant*. | § | 189th JUDICIAL DISTRICT |

## Plaintiff's First Amended Petition

Plaintiff Miguel Saucedo files this First Amended Petition against Defendants National Oilwell Varco, L.P. ("NOV"), Cimarex Energy Co., Veristic Technologies, Inc., ALTA Rig Systems Inc., Omron Oilfield & Marine, Inc., and Schlumberger Rig Technology Inc. (collectively as "Defendants") and would show the Court the following:

### I.

### Jurisdiction & Venue

1. This Court has jurisdiction over Defendants because they conduct a substantial amount of business in Texas, are Texas residents, and/or the acts or omissions giving rise to the claims occurred in Texas. Additionally, venue is proper in this Court pursuant to TEX. CIV. PRAC. & REM. CODE § 15.002.

### II.

### Discovery Control Plan

2. Pursuant to 190.1 of the Texas Rules of Civil Procedure, Plaintiff intends to conduct the discovery in this case under Level Two (2) of this Rule.

### III.

### Parties

3. Plaintiff **Miguel Saucedo** is a citizen and resident of the State of Texas.

4. Defendant **National Oilwell Varco, L.P.** is a limited partnership with its principal place of business in Harris County, Texas located at 7909 Parkwood Circle Dr., Houston, Texas 77036. Defendant has already appeared and answered in this case.

5. Defendant **Cimarex Energy Co.** is a foreign entity that conducts substantial business in the State of Texas. Defendants has already appeared and answered in this case.

6. Defendant **Veristic Technologies, Inc.** is a Texas corporation. Defendant is a Texas citizen. Defendant may be served through its registered agent, Theodore C. Vora at 11419 Dover, Houston, Texas 77031.

7. Defendant **ALTA Rig Systems Inc.** is a Canadian entity that conducts a substantial amount of business in Texas. Defendant ALTA Rig Systems Inc. may be served with process through their Directors Benard Vukovic at 9141-35 Avenue, Edmonton, Albert T6E 5Y1 Canada, through their Direction N. (Nick) Markovic at 9141-35 Avenue, Edmonton, Albert T6E 5Y1 Canada, and/or through the Hague Convention.

8. Defendant **Omron Oilfield & Marine, Inc.** is a Texas corporation with its principal place of business in Harris County, Texas. Defendant Omron Oilfield & Marine, Inc. may be served with process through its registered agent, Capitol Corporate Services, Inc., 206 E. 9th Street, Suite 1300, Austin, Texas 78701.

9. Defendant **Schlumberger Rig Technology Inc.** is a Texas corporation with its principal place of business in Harris County, Texas. Defendant Schlumberger Rig Technology

Inc. may be served with process through its registered agent, Capitol Corporate Services, Inc., 206 E. 9th Street, Suite 1300, Austin, Texas 78701.

## IV.

## Factual Background

10. This lawsuit is necessary as a result of personal injuries that Plaintiff sustained on or about November 14, 2017. On or about this date, Plaintiff was working as a floor hand for a domestic land drilling contractor in Texas on Cactus Drilling Rig 163. While lowering the mast, a winch cable became dislodged from a sheave causing Plaintiff to suffer serious injuries including the traumatic amputation of his leg and the traumatic amputation of four of his fingers. Component parts of Cactus Drilling Rig 163 that were manufactured, designed, tested, distributed, and/or sold by Defendants failed.

11. Upon information and belief, NOV manufactured, designed, tested, distributed, and/or sold the rig's top drive, pipe handling components (including the iron roughneck), and Mud System components and that these components were defectively designed, manufactured, and/or installed/incorporated into the rig. Moreover, NOV failed to properly warn about the dangers associated with its components. Upon information and belief, NOV's defective components and failures were a proximate cause of the incident

12. The other defendants were also negligent, negligent per se, and grossly negligently for the following reasons:

      a. failure to comply with applicable safety regulations, standards, customs, and practices;

      b. failure to properly supervise its employees;

      c. failure to properly train its employees;

      d.      failure to provide adequate safety equipment;

      e.      failure to provide and/or utilize appropriate equipment for the work in question;

      f.      failure to draft, design, implement and/or execute a reasonably safe plan and/or procedure by which to perform the work in question;

      g.      defectively and negligently manufacturing, designing, testing, distributing, installing, and/or warning about their components'

      g.      failure to provide a safe work place;

      h.      failure to provide adequate medical treatment;

      i.      vicarious liability for its agents and employees' negligence;

      j.      failing to provide the proper equipment for safe operations;

      k.      failure to maintain a workplace free from unnecessary hazards;

      l.      other acts deemed negligent and gross negligent.

13. As a direct and proximate result of Defendants' conduct, Plaintiff suffered severe injuries which resulted physical pain, mental anguish, and other medical problems. Plaintiff sustained severe pain, physical impairment, discomfort, mental anguish, and distress. In all reasonable probability, Plaintiff's physical pain, physical impairment and mental anguish will continue indefinitely. Additionally, Plaintiff has suffered a loss of earnings in the past, as well as a loss of future earning capacity. Plaintiff has incurred and will continue to incur pharmaceutical and medical expenses in connection with his injuries.

14. In addition, Plaintiff is entitled to punitive damages because the aforementioned actions of Defendants were grossly negligent. Defendants acted with flagrant and malicious disregard of Plaintiff's and others' health and safety. Defendants were objectively aware of the extreme risk posed by the conditions which caused Plaintiff's injury, but did nothing to rectify them. Defendants' acts and omissions involved an extreme degree of risk considering

the probability and magnitude of potential harm to Plaintiff and others. Defendants had actual, subjective awareness of the risk, and consciously disregarded such risk. Accordingly, Plaintiff is entitled to and seeks exemplary damages.

15. Plaintiff has been damaged in a sum far in excess of the minimum jurisdictional limits of this Honorable Court, for which he now sues. Given the egregious liability facts, the significant wealth of the defendants, the large amount of insurance possessed by Defendants to pay for Plaintiff's damages, and the life changing injuries sustained by Plaintiff, the maximum amount of damages sought by Plaintiff at this time is $250 million.

16. Plaintiff further alleges that TEX. CIV. PRAC. REM. CODE § 150.002, et seq. is not applicable as the claims asserted do not arise out of the provision of professional services by a licensed or registered professional. Alternatively, to the extent that the statute does apply, this case is filed within 10 days of the expiration of the limitations period and such time constraints prevented the preparation of an affidavit of a third-party licensed architect, licensed professional engineer, registered landscape architect, and/or a registered professional land surveyor. Consequently, Plaintiff has 30 days in which to file an affidavit. Moreover, good cause exists for the Court to extend this 30 day period as justice requires.

## V.

## **Jury Demand**

17. Plaintiff hereby demands a trial by jury on all claims.

## VI.

### Prayer

Plaintiff prays that this citation issue and be served upon Defendant in a form and manner prescribed by law, requiring that Defendant appears and answers, and that upon final hearing, Plaintiff has judgment against Defendant in a total sum in excess of the minimum jurisdictional limits of this Court, plus pre-judgment and post-judgment interests, all costs of Court, exemplary damages, and all such other and further relief, to which he may show himself justly entitled.

Respectfully submitted,

**ARNOLD & ITKIN LLP**

*/s/ Ryan S. MacLeod*
Jason A. Itkin
Texas Bar No. 24032461
Cory D. Itkin
State Bar No. 24050808
Ryan S. MacLeod
Texas State Bar No. 24068346
Jacob Karam
State Bar No. 24105653
6009 Memorial Drive
Houston, Texas 77007
Telephone: (713) 222-3800
Facsimile: (713) 222-3850
e-service@arnolditkin.com
jitkin@arnolditkin.com
citkin@arnolditkin.com
rmacleod@arnolditkin.com
jkaram@arnolditkin.com

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served upon all counsel of record herein in accordance with the Texas Rules of Civil Procedure on November 11, 2019.

*/s/ Ryan S. MacLeod*
Ryan S. MacLeod